IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-CR-154-4H

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BOBBY JERMAINE KINLAW, | ) | |
| Defendant. | ) | |

This matter is before the court on the following motions filed by Defendant Bobby Jermaine Kinlaw on June 8, 2018:

1. Motion to Compel List of Government Trial Witnesses and Exhibits [DE #196];

2. Motion to Exclude Rule 404(b) Evidence [DE #197];3. Motion to Sequester Government Witnesses [DE #198];

4. Motion for Notice of Intent to Use Rule 404(b) Evidence [DE #199];

5. Motion for Early Disclosure of Jencks Materials [DE #200];

6. Motion for Pretrial Hearing Regarding Admissibility of Co-Conspirator Statements [DE #201];

7. Motion to Preserve Agents' Notes [DE #203]; and

8. Motion for Fed. R. Crim. P. 12(d)(2) Designation [DE #202].

The Government has responded to Defendant's motions, and the time for further filings has expired. The motions were referred to the undersigned for decision by Senior United States District Judge Malcolm J. Howard.

BACKGROUND

On November 28, 2017, Kinlaw was named in a twenty-two-count indictment charging him with conspiracy to distribute and possess with the intent to distribute a quantity of cocaine base (crack) in violation of 21 U.S.C. §§ 841, 846 (Count One) and with distribution and possession with the intent to distribute a quantity of cocaine base (crack) in violation of 21 U.S.C. §§ 841, 846 (Count Nine). Arraignment is scheduled for the court's August 2018 criminal term of court.

DISCUSSION

I. Witness and Exhibit Lists [DE #196]

Defendant seeks disclosure of the Government's witness and exhibit lists for trial, and for the court to order that such information be provided no later than fourteen days before trial begins. The Government states it is aware of its obligation to provide such information pursuant to the Local Rules and will comply with such obligation in sufficient time for information to be adequately used at trial. The undersigned credits the Government's assertion. Furthermore, given that Defendant has yet to enter a plea in this matter and the complexity of any trial is unknown at this point, such an order would be premature. Therefore, this motion is DENIED without prejudice.

II. Rule 404(b) Evidence [DE ##197, 199]

Defendant seeks an order requiring the Government to disclose its intent to introduce any evidence of other crimes or bad acts pursuant to Fed. R. Evid. 404(b)

no later than fourteen days before trial, and seeks to exclude the Government from introducing such evidence. The Government states it is aware of its obligation to provide reasonable notice of its intent to use such evidence at trial and will comply with that obligation. The undersigned credits the Government's assertion. Furthermore, Defendant's motion to exclude Rule 404(b) evidence is premature given that the Government has yet to file its notice and Defendant has yet to enter a plea. Therefore, these motions are DENIED without prejudice.

### III. Motion to Sequester Witnesses [DE #198]

Defendant seeks an order excluding all Government witnesses from the courtroom during trial. "At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615. Furthermore, "[e]ach witness is prohibited from discussing previous trial testimony with any other witness who has yet to testify at trial." *United States v. McCall*, No. 5:12-CR-351-10F, 2013 WL 2382306, at *1 (E.D.N.C. May 30, 2013) (citing *United States v. Rhynes*, 218 F.3d 310, 317 (4th Cir. 2000)). Pursuant to the rule, the Government may exempt from sequestration one investigative agent involved in the criminal prosecution. *See* Fed. R. Evid. 615(b) (exempting from exclusion "an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney"). "Under this exception [to Rule 615], the district court may allow the government's chief investigating agent to remain in the courtroom

throughout the proceedings, even if he is expected to testify." *United States v. Farnham*, 791 F.2d 331, 334 (4th Cir. 1986).

The Government does not oppose a sequestration order but requests that one agent be permitted remain in the courtroom during the trial. It also requests a reciprocal order applying to Defendant's witnesses. Accordingly, Defendant's motion to sequester witnesses is GRANTED, and the Government's request for a sequestration order applying to Defendant's witnesses is GRANTED. Should the case proceed to trial, the court orders sequestration of all testifying witnesses with the exception of one case agent designated by the United States, Defendant, and such other witnesses as the court may determine are essential to the presentation of a party's claim or defense. All witnesses shall be prohibited from revealing any trial testimony to a witness that has not yet testified.

IV. Early Disclosure of Jencks Materials [DE #200]

Defendant also requests early disclosure of Jencks Act materials. The Government is obligated to disclose witness statements in its possession *after* a witness has completed his testimony on direct examination. 18 U.S.C. § 3500. As such, this motion is premature. Moreover, the Government states in its response that it has already provided early disclosure of some Jencks Act materials to Defendant and will continue to fulfill its obligations under the Jencks Act such that any material is disclosed with sufficient time for its effective use at trial. Therefore, the motion is DENIED.

## V. Co-Conspirator Declarations [DE #201]

Defendant requests a pretrial hearing to determine the admissibility of any co-conspirator declarations or, in the alternative, an order directing the Government to submit a written offer of proof of any co-conspirator declarations it intends to use at trial. The Government correctly notes that Fourth Circuit case law does not require any such pretrial hearing, but leaves such determination to the discretion of the trial judge. *See United States v. Hines*, 717 F.2d 1481, 1488 (4th Cir. 1983) (trial judge "retains the option to admit conditionally the declarations of co-conspirators before the conspiracy has been independently established, subject to the subsequent fulfillment of that factual predicate"). Granting a pretrial hearing or ordering the Government to submit the requested written offer of proof is premature at this juncture of the case. Therefore, this motion is DENIED without prejudice.

## VI. Preservation of Notes [DE #202]

Defendant also requests that the court order the Government to preserve any rough notes of its agents pertaining to the instant case. The Government opposes the motion, stating that it is aware of and will comply with its obligations to disclose such notes under the Jencks Act.

The Jencks Act does not generally require the production of rough notes of law enforcement agents where the notes are later incorporated into a formal statement or report. *United States v. Hinton*, 719 F.2d 711, 722 (4th Cir. 1983). However, an agent's notes may be subject to production as a "statement" under the Jencks Act if a

witness reads and adopts the notes. *United States v. Roseboro*, 87 F.3d 642, 645 (4th Cir. 1996). In that event, production would be required after the witness testified. 18 U.S.C. § 3500(b); Fed. R. Crim. P. 26.2(a).

Nevertheless, a need for such notes could arise at trial. *See United States v. Gordon*, No. 7:14-CR-41-1FL, 2014 WL 5489364, at *2–3 (E.D.N.C. Oct. 30, 2014); *see also United States v. King*, 121 F.R.D. 277, 279 (E.D.N.C. 1988) (noting preservation warranted because notes may contain exculpatory or impeachment evidence the disclosure of which is required). Accordingly, Defendant's motion to preserve notes of government agents is GRANTED. The Government is ORDERED to retain the notes of its agents concerning this matter until after the exhaustion of all appeal rights.

### VII. Fed. R. Crim. P. 12(d)(2) Designation

Lastly, Defendant moves, pursuant to Fed. R. Crim. P. 12(d)(2), for an order directing the Government to designate which evidence it will use in its case-in-chief and that may be subject to a suppression motion.

Preliminarily, Rule 12(d)(2) does not exist. If Defendant intends to refer to Rule 12(b)(4)(B), which permits a defendant to request notice of any evidence the Government plans to use in its case-in-chief that may be suppressible, then such motion is premature. Defendant has not alluded to any potential suppressible evidence that the Government has withheld. Moreover, to the extent that any such motion would effectively be a motion for discovery material, this court's Local Rules require counsel to make a request for discovery and to confer with opposing counsel

in good faith to resolve any discovery dispute. *See* Local Crim. R. 16.1 (E.D.N.C. Dec. 2017). A motion seeking discovery must state "that a request for discovery and inspection was made and denied" and certify that counsel "have conferred and made a good faith effort to resolve discovery disputes prior to the filing of any discovery motion[]." *Id.*; *see also* Local Crim. R. 12.2 (requiring a "statement that agreement could not be reached concerning the discovery or inspection that is the subject of the motion and the reasons given for the same"). The instant motion, to the extent it is intended to be made pursuant to Fed. R. Crim. P. 12(b)(4)(B), does not demonstrate that counsel has complied with this court's Local Criminal Rules and is, therefore, subject to dismissal on that ground. For the foregoing reasons, this motion is DENIED without prejudice.

## CONCLUSION

For the foregoing reasons, the court enters the following orders:

1. Defendant's Motion to Compel List of Government Trial Witnesses and Exhibits [DE #196] is DENIED without prejudice;

2. Defendant's Motion to Exclude Rule 404(b) Evidence [DE #197] is DENIED without prejudice;

3. Defendant's Motion to Sequester Government Witnesses [DE #198] is GRANTED on the terms set forth above;

4. Defendant's Motion for Notice of Intent to Use Rule 404(b) Evidence [DE #199] is DENIED without prejudice;

5. Defendant's Motion for Early Disclosure of Jencks Materials [DE #200] is DENIED;

6. Defendant's Motion for Pretrial Hearing Regarding Admissibility of Co-Conspirator Statements [DE #201] is DENIED without prejudice;

7. Defendant's Motion to Preserve Agents' Notes [DE #203] is GRANTED on the terms set forth above; and

8. Defendant's Motion for Fed. R. Crim. P. 12(d)(2) Designation [DE #202] is DENIED without prejudice.

This 23rd day of July 2018.

_____
KIMBERLY A. SWANK
United States Magistrate Judge